IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-277-BO

| | |
|---|---|
| DARRYL EUGENE COULTER, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE ESTATE OF EDWARD W. )<br>GRANNIS, JR., in his individual and )<br>official capacity; MARGARET (BUNTIE) )<br>RUSS, in her individual and official )<br>capacity; CUMBERLAND COUNTY )<br>SHERIFF EARL R. BUTLER, in his )<br>individual and official capacity; ENNIS )<br>WRIGHT, in his individual and official )<br>capacity; MICHAEL B. EAST, Assistant )<br>Special Deputy in Charge, in his individual )<br>and official capacity; ROBIN )<br>PENDERGRAFT, in her individual and )<br>official capacity; and NORTH CAROLINA )<br>STATE BUREAU OF INVESTIGATION; )<br>)<br>Defendants. ) | O R D E R |

This cause comes before the Court on two motions to dismiss by defendants. Plaintiff has responded, defendants have replied, and a hearing was held on the motions before the undersigned on November 9, 2016, at Raleigh, North Carolina. The motions are ripe for ruling, and, for the reasons discussed below, they are denied without prejudice.

## BACKGROUND

Plaintiff, a former Sergeant with the Spring Lake Police Department, filed this action in Cumberland County Superior Court seeking legal and equitable relief under the North Carolina Constitution, the law and common law of the State of North Carolina, 42 U.S.C. § 1983, 42

U.S.C. § 1985, and the United States Constitution from the wrongful acts and omissions of defendants in causing baseless but serious criminal charges to be brought against plaintiff. Plaintiff alleges that as a result of these baseless charges he was stripped of his badge, arrested and imprisoned in Central Prison for a period of approximately ten months, without cause or justification. All charges against plaintiff were eventually dismissed.

Plaintiff has named the following persons as defendants: the Estate of Edward Grannis former District Attorney; Margaret Russ, an Assistant District Attorney; Cumberland County Sheriff Earl Butler; Chief Deputy of the Cumberland County Sheriff's Office Ennis Wright; Michael B. East, Assistant Special Agent in Charge with the North Carolina State Bureau of Investigation (SBI); Robin Pendergraft, Director of the SBI; and the SBI.[1] Plaintiff's complaint discusses two instances in 2008 in which he alleges that while on duty he appropriately responded to complaints by citizens concerning alleged criminal activity promptly and according to Spring Lake Police Department procedure, and that such incidents were turned against him by defendants and used to create charges for which he would never be brought to trial. Plaintiff was indicted in Cumberland County on May 4, 2009, for felonious breaking and entering/second degree kidnapping, felonious obstruction of justice/simple assault, assault with a deadly weapon, assault by pointing a gun, false imprisonment, and willful failure to discharge duties; these charges allegedly arose from the two incidents which plaintiff has identified in his complaint. Plaintiff alleges that defendants Grannis, Russ, Butler, Wright, East, Pendergraft, and the SBI, in fact arrested plaintiff in retaliation for his refusal to assist defendant Grannis and his network in building criminal cases against a list of state, county, and local African American officials and

---

[1] Plaintiff also named the Spring Lake Police Department as a defendant. This defendant was dismissed voluntarily by plaintiff. [DE 40].

2

business owners. The charges against plaintiff were dismissed by the Assistant District Attorney on April 15, 2013, nearly four years after plaintiff's indictment, without meaningful explanation.

Defendants removed plaintiff's action to this Court on May 19, 2016, pursuant to its federal question jurisdiction. 28 U.S.C. §§ 1331; 1441. Thereafter the instant motions were filed by two groups of defendants – the district attorney defendants and the SBI defendants. The remaining defendants have answered the complaint.

## DISCUSSION

The allegations in plaintiff's complaint themselves are troubling. Moreover, counsel for plaintiff provided additional detail regarding the allegations in plaintiff's complaint at the hearing before the undersigned. In light of those statements, the Court in its discretion and in conformance with the liberal requirements of Rule 15 of the Federal Rules of Civil Procedure directs plaintiff, *sua sponte*, to file an amended complaint to conform to the additional allegations provided at the hearing. In so doing, the Court recognizes that plaintiff's complaint was filed in state court where he anticipated review under a different standard from that applicable here.

Additionally, defendants Estate of Grannis and Russ have raised a defense of insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. The Court will afford plaintiff an opportunity through and including December 16, 2016, to effect proper service on these defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## CONCLUSION

Plaintiff is hereby DIRECTED to file an amended complaint not later than December 9, 2016. Plaintiff is further DIRECTED to effect proper service on defendants Estate of Grannis and Russ not later than December 16, 2016. In light of the foregoing, the motions to dismiss

3

[DE 17, 19, 34] are DENIED WITHOUT PREJUDICE with permission to re-file and incorporate any argument by reference after the filing of plaintiff's amended complaint. Plaintiff's motion for extension of time to respond [DE 39] is GRANTED and plaintiff's response is deemed timely filed. The motion to dispense with mediation [DE 27] is DENIED.

SO ORDERED, this **22** day of November, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE