IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-277-BO

| | |
|---|---|
| DARRYL EUGENE COULTER, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE ESTATE OF EDWARD W. )<br>GRANNIS, JR., in his individual and )<br>official capacity; MARGARET (BUNTIE) )<br>RUSS, in her individual and official )<br>capacity; CUMBERLAND COUNTY )<br>SHERIFF EARL R. BUTLER, in his )<br>individual and official capacity; ENNIS )<br>WRIGHT, in his individual and official )<br>capacity; MICHAEL B. EAST, Assistant )<br>Special Deputy in Charge, in his individual )<br>and official capacity; ROBIN )<br>PENDERGRAFT, in her individual and )<br>official capacity; and NORTH CAROLINA )<br>STATE BUREAU OF INVESTIGATION; )<br>)<br>Defendants. ) | **O R D E R** |

This cause comes before the Court on a motion to dismiss filed by defendants Estate of Edward W. Grannis and Margaret (Buntie) Russ. Plaintiff has failed to file a response to the motion, and, the time for doing so having expired, the motion is ripe for ruling. For the reasons discussed below, the motion to dismiss is granted.

BACKGROUND

Plaintiff, a former sergeant with the Spring Lake Police Department, filed this action in Cumberland County Superior Court seeking legal and equitable relief under the North Carolina Constitution, the law and common law of the State of North Carolina, 42 U.S.C. § 1983, 42

U.S.C. § 1985, and the United States Constitution from the wrongful acts and omissions of defendants in causing baseless but serious criminal charges to be brought against plaintiff. Plaintiff alleges that as a result of these baseless charges he was stripped of his badge, arrested, and imprisoned in Central Prison for a period of approximately ten months, without cause or justification. All charges against plaintiff were eventually dismissed.

Plaintiff named the following persons as defendants: the Estate of Edward Grannis, former District Attorney; Margaret Russ, an Assistant District Attorney; Cumberland County Sheriff Earl Butler; Chief Deputy of the Cumberland County Sheriff's Office Ennis Wright; Michael B. East, Assistant Special Agent in Charge with the North Carolina State Bureau of Investigation (SBI); Robin Pendergraft, Director of the SBI; and the SBI.[1] Plaintiff's complaint discusses two instances in 2008 in which he alleges that while on duty he responded to complaints by citizens concerning alleged criminal activity promptly and according to Spring Lake Police Department procedure, and that such incidents were turned against him by defendants and used to create charges for which he would never be brought to trial. Plaintiff was indicted in Cumberland County on May 4, 2009, for felonious breaking and entering/second degree kidnapping, felonious obstruction of justice/simple assault, assault with a deadly weapon, assault by pointing a gun, false imprisonment, and willful failure to discharge duties; these charges allegedly arose from the two incidents which plaintiff has identified in his complaint. Plaintiff alleges that defendants Grannis, Russ, Butler, Wright, East, Pendergraft, and the SBI, in fact arrested plaintiff in retaliation for his refusal to assist defendant Grannis and his network in building criminal cases against a list of state, county, and local African American officials and business owners. The criminal charges against plaintiff were ultimately dismissed by an

---

[1] Plaintiff also named the Spring Lake Police Department as a defendant. This defendant was dismissed voluntarily by plaintiff. [DE 40].

2

Assistant District Attorney on April 15, 2013, nearly four years after plaintiff's indictment, without meaningful explanation.

Defendants removed plaintiff's action to this Court on May 19, 2016, pursuant to its federal question jurisdiction. 28 U.S.C. §§ 1331; 1441. Motions to dismiss were filed by two groups of defendants – the district attorney defendants and the SBI defendants, while the remaining defendants answered the complaint. After a hearing on the motions to dismiss, the Court *sua sponte* allowed plaintiff an opportunity to file an amended complaint to provide additional factual support for his claims and further allowed plaintiff and opportunity to perfect service on the district attorney defendants. [DE 50].

Plaintiff filed his amended complaint, and the district attorney defendants again moved to dismiss. Plaintiff did not file a response to the motion to dismiss. Since this motion has become ripe for adjudication, plaintiff filed a motion for voluntary dismissal of the SBI and Sheriff's Office defendants, which was allowed. [DE 73].

## DISCUSSION

The district attorney defendants have moved to dismiss plaintiff's claims against them for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1);(6). Grannis and Russ have raised the defenses of Eleventh Amendment immunity, absolute immunity, and qualified immunity. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Richmond, Fredericksburg &*

3

*Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The specific allegations in plaintiff's amended complaint relating to defendants Grannis and Russ are that they were present when plaintiff entered the office of the Chief of Spring Lake Police after being summoned there on the day of his arrest, that Grannis and others offered plaintiff one last opportunity to cooperate which plaintiff refused, that Grannis and Russ were present when plaintiff was brought before the court for his first appearance, and that all defendants conspired together to arrest plaintiff because plaintiff refused to assist Grannis and his network of counterparts in seeking to build criminal cases against a list of state, county, and local African American officials and business owners. Amd. Cmp. ¶¶ 26, 39, 55, 111, 112.

Grannis and Russ have been named in their individual and official capacities. State officials sued in their official capacity for damages are protected by Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003). Claims against North Carolina district attorneys in their official capacities are plainly claims against state officials and are barred by the Eleventh Amendment. *See Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir.

2006). As to plaintiff's claims against Grannis and Russ in their individual capacities, absolute prosecutorial immunity protects district attorney defendants from liability for those activities which are traditionally associated with prosecution of a case. *Id.* "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also State ex rel. Jacobs v. Sherard*, 36 N.C. App. 60, 65 (1978). Conspiracy to present false testimony is further a charge for which a district attorney would be entitled to absolute immunity. *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994). Thus, Grannis and Russ are absolutely immune from plaintiff's claims relating to the actual prosecution of his case. Although absolute immunity does not extend to activities outside the scope of traditional prosecutorial functions, such as administrative and investigatory actions, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), plaintiff's allegations of activities which could be considered to fall outside the tradition prosecutorial function fail to state a plausible claim. Although given an opportunity to amend his complaint, plaintiff's bare assertions of a conspiracy simply fail to nudge his claims related to Grannis and Russ over the line from the conceivable to plausible. *Twombly*, 550 U.S. at 570.

To this end, Grannis and Russ would further be entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). There is a two-step procedure for determining whether qualified immunity applies which "asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). Plaintiff's assertions do not sufficiently allege that a constitutional violation occurred, and qualified immunity therefore applies. *See Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000) (a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." ).

## CONCLUSION

For the foregoing reasons, the motion to dismiss [DE 61] is GRANTED and defendants Estate of Grannis and Russ are DISMISSED. As the remaining defendants have been dismissed by plaintiff, the motion to compel [DE 70] is DENIED AS MOOT and the clerk is DIRECTED to close this case.


SO ORDERED, this _19_ day of May, 2017.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE